1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION


## CIVIL MINUTES -- GENERAL

**Case No.**   **LA CV 20-06179-VBF-GJS**          **Dated:  July 15, 2020**

**Title:**   *Karmiya Amarise, Plaintiff v. Gail Brinky, DCFS of LA, State of*
*California, Joe Eisnenfild, Robert Evans, H. Michal, AG Paul*
*Epsetien, SMC, SMPD, SMMSD et al., Defendants*

---

PRESENT:  HON. VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

Stephen Montes Kerr                          N/A

Courtroom Deputy                           Court Reporter

Attorney Present for Petitioner: N/A        Attorney for Respondents: n/a


**PROCEEDINGS (in chambers):     ORDER     Denying  TRO  App. (Doc #3)**
**Without Prejudice for Failure**
**to Comply With LCivR 65-1**

**Denying Documents 4, 5 and 6**


Proceeding pro se, California resident Karmiya Amarise filed the civil-rights complaint against the Los Angeles Department of Children and Family Services ("DCFS"), Robert Evans, H. Michal, Gail Brinky, the Santa Monica Community Corporation, SMC, SMPD, SMMSD, Pacific Toxicology, and others on Friday, July 10, 2020.  *See* CM/ECF Document ("Doc") 1.  Plaintiff also filed a form application

-1-

1   for a "temporary protective order", which the Court has construed as an application
2   for a temporary restraining order ("TRO") (Doc 3), and four lesser motions that will
3   be discussed below.  The documents are in places difficult or impossible to read,
4   sometimes because they are faded (perhaps from photocopying) and sometimes
5   because someone has added illegible handwritten comments onto the documents. The
6   TRO application seems to allege the following:

> Government of CA is sending child to Karmiya's abusive parents to her
> a minor [sic] in another state.  The defendant parents were callers [?] and
> befreinding [sic] defendant DCFS of LA County, and are very
> mainuplative [sic], fanacial [sic] Christians, contrary to ZA Jewish
> upbrin[g]ing), and conspiring against Plaintiff.  The child will be
> damages [sic], possibly abused if there more than a few weeks, damages,
> and possibly lost with the ongoing communications between the
> government of CA with defendant parents that [sic] are in plaintiff's
> adult mental health records as abusive.

Doc 3 at page 3 (item #13a5).  To substantiate his allegations and claims, plaintiff
Amarise submits the following explanation:

> Maternal gran[d]parent lies in records "he can't reach" mother from Ohio
> to CA making calls to Police and DCFS.  So third party and more
> reporters continue the salander [sic] of lies and calls.  Kamriya Amarise
> have taken care of her children['s] need and now has been slandared [sic]
> on a court record [illegible] a profile that she isn't with the assistance of
> the out of state non[-]reported abusive parents, and her bad presentation
> when merely burnt out as a single mother from years 17 to 43 taking full
> care and protection of now adult daughters, and ZA.

> She may have presented herself angry to the CA gov, and so, my means
> of civil disobedience in specific emails.  She has done lots of therapy
> with the child, therapy for her trauma, new things for her home, and

-2-

passed over 12 drug tests.  Yet she is slandered for "history of substance abuse" and the child [is] now being transported by the Gov of Ca to Ohio.  Possibly loosing [sic] daycare grant new this summer from Crystal Stair, and needing to take him off the lease and perhaps loose [sic] 3 brm.

Doc 3 at page 3 (item #13b).   Plaintiff Amarise seeks the following relief:

1.   Block on CA gov transporting ZA to another state until claim has been sufficiently proved.

2.   Block on release of CA home who wants to return home. [then handwritten:  "Release child home."  Short illegible additional handwritten comment follows.]

3.   Block on Section S [?] causing shift in home size with the removal hearing happening over 6 months, after initial re-detainment alleged "not doing court orders [last word difficult to read].

4.   Block on the closing of his grant from Crystal Stairs 5 [?].  Block on SSA transferring child's benefits to gran[d]parents just "waiting plaintiff to get a job."

Doc 3 at page 3 (item #14).

**The Court does not address the merits of a TRO application until and unless it confirms that the application complies with applicable Federal and Local Rules governing procedure and other non-merits matters.**  *See, e.g., Consumer Opinion, LLC v. Frankfort News Corp.*, 2016 WL 6804607, *3 (N.D. Cal. Nov. 17, 2016) (after determining that plaintiff had satisfied the exception to the requirement of both federal and local rule that a TRO applicant provide notice to the opposing parties, "The Court thus concludes that Plaintiff has met the requirements of Federal Rule of Civil Procedure 65(b) and Civil Local Rule 65-1(b).  The Court therefore turns

to the merits of the TRO application."); *Beall v. Fed. Nat'l Mortgage Ass'n*, 2013 WL 12119741, *1 (C.D. Cal. Sept. 13, 2013) (Jesus Bernal, J.) ("[T]he Court denies Plaintiff's TRO without prejudice for failure to comply with the requirements of Rule 65(b) and related local rules requiring [that the TRO applicant provide] proper notice to the defendants or an excuse for failing to do so."); *Bazil v. Deutsche Bank Nat'l Trust Co.*, 2012 WL 603177, *1 (E.D. Cal. Feb. 23, 2012) (John Moulds, M.J.) ("Pending before the court is Plaintiff's second ex parte application for a . . . TRO . . . . Plaintiff's first ex parte request was denied without prejudice . . . for failure to comply with Local Rule 231."), *R&R adopted*, 2012 WL 1131991 (E.D. Cal. Mar. 29, 2012) (John Mendez, J.).

**The Court will decline to entertain petitioner's TRO application because she has failed  to comply with our District's Local Civil Rule 65-1**, which requires that "all parties seeking a TRO must file an application separate from the complaint, *as well as a proposed TRO and order to show cause why a preliminary injunction should not be entered*." *Lopez v. Ramirez*, No. ED CV 18-01835-VBF-MRW Doc 5 at 1-2 (C.D. Cal. Aug. 29, 2018) (quoting *Morris v. SPSSM Investment 8, LP*, 2014 12573963, *1 (C.D. Cal. Mar. 18, 2014) (Margaret Morrow, J.)).  Plaintiff has filed a document purporting to be a proposed TRO, but his handwritten material in this proposed order is illegible.  Plaintiff needs to file a fully legible and complete proposed TRO.  Moreover, plaintiff has not filed an "order to show cause why a preliminary injunction should not be entered" as required by the Rule.

**The Court will therefore deny the TRO application without prejudice to petitioner's right to file a renewed application for TRO and/or preliminary injunction that complies fully with both Fed. R. Civ. P. 65 and Local Civil Rule 65-1.**  *See Lopez*, No. ED CV 18-01835-VBF-MRW Doc 5 at 2 (Fairbank, J.) and *Morris*, 2014 12573963 at *1 (Morrow, J.); *see also Gonzalez Garcia v. U.S. Attorney*

1   *General*, 2018 WL 1988870, *1 (M.D. Fla. Feb. 20, 2018) (Roy Dalton, J.) ("The
2   Court denied the first TRO motion without prejudice for failure to comply with
3   Federal Rule of Civil Procedure 65(b)(1) and Local Rule 4.05.  Plaintiffs then filed
4   this second set of motions.").

5

6   **Plaintiff has also filed a document entitled "Motion Regauring Charges."**
7   **(Doc 4).**  The Court cannot decipher, let alone issue, plaintiff's one-page proposed
8   order, which would have the Court order *plaintiff herself* to "stop this Civil
9   Disobedienc[e] nonsense by means of emails to government agencies" or Judges
10  emails or healthcare professionals now" and "Quit acting like a fool if your [sic]
11  educated and use email properly including no newscasts in the subject" and "Stop
12  writing checks with your mouth by means of email, social media, or verbally that you
13  can't cash in on them threats and things sounding racist and discriminating." Doc 4-1.
14  Nor does plaintiff's "Motion Regauring Charges" itself make sufficiently clear what
15  relief plaintiff is seeking.  The one-page Motion states, in its entirety,

16

17      This is a motion asking that this is considered the cover page for charges
18      of Human Rights, Civil Rights Color of Law, and other Civil Rights,
        Amendment 1 opinion and religion, HIPPA violations, Amendment 8
19      (Cruel and Unusual Punishment), False Light, Slander, Lib[e]l with Story
20      creation that is distributed to multiple persons including Robert Evans,
        and now an appeal judge on a link!  Amendment 4, Ammendment 10
21      "retained by the people" that is in this suit the individual, Ammendment
22      13, Ammendment 14, SLAPS test, and personal life injury that was
23      physical and an emotional disturbance.

24
        The claim is typed very quickly, and I also request by means of motion
25      that I can go back and make attachments that would include more details
26      about each charge per the defendant by looking at legal informationi
27      [sic].

28                                          -5-

Doc 4 at 1. **Plaintiff has also filed a document entitled "Motion by Pro Se and Application Ex Parte Time Complaint: Time Extension" (Doc 5).** The one-page motion states, in its entirety,

> If needed this is an application the complaint here is read and a[c]knowle[d]ged today. And to request a time extension as this is just a fast typed factual writing without any thought on how to make a complaint before the child is out of the state.
>
> It does not have the details of State of California, and etl [sic] with attachments but hopefully sufficient for the Emergency at hand.
>
> I am motioning to be permitted for an Amended Complaint in full within any specified time that will include a fee waiver[,] request for extra fees, habeous corups [sic], prelimina[]ry injunction, and possible request of the removal of the civil rights case California and Michael Lapidus have not resolved now since 2013 damaging my life further. Had it been resolved as all things are connected that you will see in the ammended complain[t]. Perhaps life would have been far different.

Doc 5 at 1. The motion provides no basis for the Court to take any action or grant any relief at this time. If plaintiff wishes to file an amended complaint, she may do so. Until and unless the defendants file an answer to the complaint, plaintiff need not seek leave of Court to amend the complaint to add, expand, refine, or remove factual allegations and legal claims.

**Next, plaintiff has filed a document entitled "Motion About Serving on Ex Parte orders is Last Minute, and in Process."** This one-page motion states, in full,

> [printed] I have a person willing to serve in person to agencies local if they are there with the pandemic of carona virus. All will be served

-6-

additionally via mail by the person willing to do so, and therefor[e] Pro Se is requesting immediate orders in the interest of Zephaniah Amarise. My child.

[handwritten] Served by Legal Processor shortly after 2 pm:  [addresses] * * *

Doc 6 at 1.  This motion likewise provides no basis for the Court to take any action or grant any relief at this time.  The Court will deny document 6, and this denial will have no bearing on any right that plaintiff may have to file an amended complaint.

## ORDER

Plaintiff's Application for a TRO **[Doc #3] is DENIED without prejudice.**

Plaintiff MAY FILE a TRO application that fully complies with Federal Rule of Civil Procedure 65 and Central District of California Local Civil Rule 65-1.[1]

Plaintiff's "Motion Regauring Charges" **[Doc #4] is DENIED**.

Plaintiff's "Motion by Pro Se and Application Ex Parte Time Complaint: Time

---

[1]

The standard for issuing a TRO "is substantially identical to the standard for issuing a preliminary injunction." *Yahvah v. County of Los Angeles*, 2018 WL 3222042, *3 (C.D. Cal. Mar. 9, 2018) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Yahvah*, 2018 WL 3222042 at *3 (quoting *Winter v. NRDC*, 555 U.S. 7, 20, 129 S. Ct. 365, 374 (2008)).

"In the Ninth Circuit, the TRO movant 'must show either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in favor of the moving party.'"  *Lopez*, No. ED CV 18-01835-VBF-MRW Doc 5 at 2 (Fairbank, J.) (quoting *Stuhlbarg*, 240 F.3d at 839-40).  "'These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.'" *LGS Architects, Inc. v. Concordia Homes of Nevada*, 434 F.3d 1150, 1155 (9th Cir. 2006) (citation omitted).

Extension" **[Doc #5] is DENIED.**

Plaintiff's "Motion About Serving on Ex Parte Orders is Last Minute, and in Process" **[Doc #6] is DENIED**.

To the extent that plaintiff wishes to amend her complaint, this Order will not prevent her from doing so.

The case remains open and otherwise referred to the U.S. Magistrate Judge.

IT IS SO ORDERED.

/s/  Valerie Baker Fairbank

VALERIE BAKER FAIRBANK

Senior United States District Judge

-8-